[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This contested dissolution action comes to this court by complaint of the plaintiff, Lorraine S. Fraser (hereinafter the plaintiff/wife), dated December 29, 1993, wherein she seeks a dissolution of the marriage, custody of the minor children, alimony, child support, counsel fees and other relief. The matter was claimed for the family relations trial list on May 31, 1994, after the resolution of various pendente lite matters, and was assigned for trial before the court on September 14, 1994, at Meriden. Both parties were present, testified on their own behalf, and were well represented by counsel at the trial. CT Page 10475
The parties filed financial affidavits, custody affidavits and the required child support guidelines worksheet. On the day of the trial, the defendant was permitted to file an answer, in which he left the plaintiff to her proof in connection with the allegations of her complaint, and a cross complaint seeking a dissolution of the marriage, custody, support, joint legal custody, visitation, alimony, counsel fees and other relief. He waived his claim to alimony during his direct testimony.
The plaintiff testified in her own behalf and also presented as witnesses one Hugh Westrup and the defendant. The defendant briefly recalled the plaintiff as his own witness.
With regard to the causes of the breakdown of this marriage, the plaintiff claimed that a change in her husband's sexual orientation and subsequent extramarital relationship with Westrup were responsible. The defendant acknowledged that he had begun to question his own sexual identity approximately two years ago and that he has been involved in a sexual relationship with Westrup for the past year. This relationship was confirmed through Westrup's candid testimony. The defendant, however, while acknowledging the impact that his sexual orientation and infidelity have had upon his marriage, claimed that the marriage had begun to break down several years ago, with deteriorating communication between the parties causing him to feel "alone" in the marriage.
Having heard the testimony, the court is of the opinion that, although the husband's infidelity exacerbated the deterioration of the marriage and hastened its decline, it cannot be said to be the cause of the breakdown. The defendant, for his part, did not claim that the plaintiff caused the breakdown, but rather that the breakdown of the marriage was something for which they should both share responsibility, if not blame. Although the plaintiff, in her testimony, gave some hint of the difficulties in communication that her husband might have experienced over the course of the marriage, this court will not construe that testimony, under the difficult circumstances in which it was given, as evidence of causation. On balance, the court concludes that the marriage has indeed broken down irretrievably, but not as the result of fault that can be attributed to one or the other party, and that there is no reasonable hope of reconciliation. CT Page 10476
The parties met in Boston, where they were both working for the Christian Science Church, and they married in their mid-20s. The wife has a bachelor of arts and a master's degree in English as well as a Connecticut teaching certificate. She is employed by Choate Rosemary Hall School in Wallingford as a writer-editor in the school's communications office. She has been steadily employed throughout her marriage except for periods of time surrounding the birth of each of her two children and a three-year period between the births of those children when she worked part-time on a freelance basis.
The husband has a bachelor of arts degree and a masters in children's literature. He has been employed with some regularity in the publishing industry, but he was laid off as a part of a reduction in force by his most recent employer and is currently working only in a temporary position at substantially less than the level of income to which he had been accustomed.
The parties each made some financial contribution to the other's education. The wife's student loan was paid off during the first five years of the marriage at the rate of $42 per month for a total of about $2,500. The husband obtained his master's degree during the marriage at a cost of some $10,000.
In lieu of closing argument, the parties agreed to file written memoranda, which they have done. The court has carefully considered these memoranda as well as the testimony of the parties, including their demeanor, attitude, appearance, credibility and the factors set forth in §§ 46b-81 and 46-82 of the Connecticut General Statutes. Based upon those considerations, the other evidence in the case and the inter-relationship of the various orders which the court is about to render, the court makes the following findings and reaches the following conclusions:
The plaintiff, whose name was Lorraine Serravillo, and the defendant intermarried on July 20, 1980 in West Boxford, Massachusetts. The plaintiff has been a resident of Connecticut continuously for at least twelve months before the date of the complaint in this case.
The marriage of the parties has broken down irretrievably, and there is no reasonable hope of reconciliation. A decree may therefore enter dissolving the marriage on grounds of irretrievable CT Page 10477 breakdown.
There have been two minor children born to the plaintiff wife, issue of the marriage, to wit: Julia Fraser, born September 13, 1984, and Charlotte Fraser, born April 9, 1987. No other minor children have been born to the plaintiff since the date of the marriage. The State of Connecticut is not contributing to the financial assistance of the parties.
By agreement, the plaintiff wife is awarded custody of the minor children, subject to rights of reasonable visitation to the defendant husband. That visitation shall include, but not be limited to, at least a four-hour period each Sunday, access to the children on all major holidays, and a block of time to include at least two weeks during the summer or the children's school vacations.
The plaintiff has requested that the visitation order include a provision that Westrup not be permitted to join the husband during visitation, but she offers no compelling reason why this request should be granted. The court has reviewed the materials submitted by the plaintiff, but it does not find therein a basis for a belief that the mere presence of Westrup during the husband's visits with the children would pose any risk of harm to them. The husband has represented that Westrup will be referred to as "a friend" and that no sexual activity or reference to the nature of their sexual relationship will be made during the course of any visits. With this understanding, the court declines to place the plaintiff's requested restriction on the defendant's visits with his children.
The defendant shall pay to the plaintiff the sum of $111 per week as child support, this amount being in accord with the child support guidelines. The court is satisfied from the testimony produced at trial that defendant is actively seeking employment and that his failure to obtain employment at a level commensurate with his earning potential is not due to a lack of diligence on his part. The court therefore declines to establish child support based on the defendant's capacity to earn but leaves open the prospect of modification based on any future increase in income and retroactive to the date of such increase.
Based on the length of the marriage of the parties, the shortfall experienced by the plaintiff wife in meeting her expenses, the varying contributions of each party to the other's CT Page 10478 education, the deception implicit in the husband's extramarital affair and other factors enumerated in Connecticut General Statutes, § 46b-82, the court orders the defendant to pay to the plaintiff the sum of $40 per week as periodic alimony for a period of ten years from the date of judgment.
Each party shall maintain medical, dental and optical insurance for the benefit of the minor children to the extent that it is available through their places of employment at no cost. Should there be a cost to this insurance, it shall be paid or reimbursed by the defendant husband. Medical, dental and optical expenses which are unreimbursed by insurance shall be divided equally between the parties. The mandatory provisions of Connecticut General Statutes, § 46b-84(c) shall apply.
The husband shall maintain his present life insurance policy for the benefit of the minor children and shall make them the irrevocable beneficiaries of said policy until his child support obligation ceases.
Each party shall retain the exclusive rights to the benefits of their respective pension plans.
Each party shall have the exclusive right to any and all savings and checking accounts in their respective names as of the date of this judgment.
The plaintiff shall retain the exclusive right to all items of personal property currently in her possession with the exception of the defendant's Webster's Dictionary and an oil painting of the minor child made by the defendant's sister. The defendant shall transfer to the plaintiff his interest in the Toyota Corolla automobile, and the plaintiff shall be responsible for the car loan for said automobile and shall indemnify and hold the defendant harmless with respect to the same.
Commencing with the next calendar year in which his adjusted gross income is $20,000 or higher, the defendant husband shall have the right to claim the older child as an exemption for state and federal income tax purposes, and the plaintiff wife shall have the right to claim the younger child as an exemption for state and federal income tax purposes. Until such time, the plaintiff shall have the right to claim both children as exemptions. CT Page 10479
The defendant shall retain his interest in the Fraser Way Trust. The testimony at trial was unclear as to the actual value of the defendant's share of this trust, but it is clear that he received this interest as a gift prior to the marriage and that the plaintiff made no contribution to it.
The defendant shall pay to the plaintiff the sum of $272.50, representing one half of outstanding unreimbursed medical bills. Said payment is to be made to the plaintiff no later than December 1, 1994.
Each party shall be responsible for his or her respective counsel fees.
Each party is ordered to provide the other with current information as to their respective employments and to notify the other within two weeks of any change in employment and/or in the amount of compensation received. Each is to provide the other with a copy of their respective federal income tax returns, no later than May 15 of the year in which the return is filed. Each party is ordered to provide the other with written notice of any change of address two weeks in advance of such change and of any change of telephone number within forty-eight hours of such change. The plaintiff is to provide the defendant with sixty days advance written notice of any intention to relocate the minor children from the State of Connecticut.
Jonathan E. Silbert, Judge